UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-20858-CIV- O'SULLIVAN

[CONSENT]

LEONEL DOMINGUEZ and all others similarly
situated under 29 USC 216(B)

 Plaintiffs,

v.

DESIGN BY NATURE CORP., OSCAR
CUETARA and JULIE TARAZONA,

 Defendants.
_____/

## ORDER

THIS MATTER came before the Court on the defendants' Motion to Dismiss the Florida Minimum Wage Claim for the Second Amended Complaint (DE # 33, 8/12/08). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the defendants' Motion to Dismiss the Florida Minimum Wage Claim for the Second Amended Complaint (DE # 33, 8/12/08) is **GRANTED** for the reasons set forth below.

## BACKGROUND

This action arises from the defendants' purported failure to pay minimum wage and overtime compensation to the plaintiff in violation of the Fair Labor Standards Act, 28 U.S.C. § 201, et seq., the Florida Constitution, Fla. Const. Art. 10, § 24 and the Florida Minimum Wage Act, Fla. Stat. § 448.110. The defendants move to dismiss the state law claims from the Second Amended Complaint (DE# 33, 8/12/08). The plaintiff filed its response on August 14, 2008. See Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (DE# 34, 8/14/08). No reply was filed.

## **STANDARD OF REVIEW**

In deciding a motion to dismiss, the Court's analysis is limited to the four corners of the plaintiff's complaint and the attached exhibits. Grossman v. Nationsbank, 225 F.3d 1228, 1231 (11th Cir. 2000). The Court must also accept the plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff. Caravello v. American Airlines, Inc., 315 F. Supp. 2d 1346, 1348 (S.D. Fla. 2004) (citing United States v. Pemco Aeroplex, Inc., 195 F.3d 1234, 1236 (11th Cir. 1999)(en banc)). To survive a motion to dismiss, the four corners of the complaint must contain factual allegations which are "enough to raise a right to relieve above speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). The issue to be decided by the Court is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scheuer, 468 U.S. 183 (1984).

## **ANALYSIS**

The defendants move to dismiss the plaintiff's state law claims for failure to provide presuit notice. Defendants' Motion to Dismiss the Florida Minimum Wage Claim from the Second Amended Complaint (DE# 33, 8/12/08). Florida law requires that an employee provide written notice to an employer of his or her intent to sue that employer. Fla. Stat. § 448.110(6)(a). The Florida Minimum Wage Act states, in part, that:

> prior to bringing any claim for unpaid minimum wages pursuant to this section, the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action. The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice.

Id.

The plaintiff does not dispute that he did not provide notice to the defendants prior to filing suit. See Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (DE# 34, 8/14/08). Instead, the plaintiff urges the Court to follow the reasoning in Throw v. Republic Enterprise Systems, Inc., No. 8:06-cv-724-T-30TBM, 2006 WL 1823783 (M.D. Fla. Jun. 30, 2006). Id. at 2. In Throw, the district court held that the notice requirement in section 48.110(6)(a) was unconstitutional because Art. 10, § 24 of the Florida Constitution creates a constitutional right directly enforceable in a court of law by an aggrieved party without prior notice. The plaintiff acknowledges that this Court in Resnick v. Oppenheimer & Co., No. 07-80609, 2008 WL 113665 (S.D. Fla. 2008 Jan. 8, 2008) disagreed with Throw and found that the notice requirement did not violate the Florida Constitution. In Resnick, this Court reasoned that:

> Article X, Section 24, subsection (f) does indeed state that "implementing legislation is not required in order to enforce this amendment." Fla. Const. art. X, § 24(f). However, that same section also states that the "state legislature may by statute ... adopt any measures appropriate for the implementation of this amendment." Fla. Const. art. X, § 24. Reading these two sentences together, it appears that the people of Florida intended to guarantee workers a constitutional right to a minimum wage without making the right dependent upon the action of the legislature. However, at the same time, the people of Florida authorized the legislature, in its wisdom, to enact legislation that would implement the constitutional right.

Id. at *2-3.

According to the plaintiff, "this Court should find the Throw reasoning to be preferable given the Florida Constitutional analysis set forth in Throw." Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (DE# 34 at 2, 8/14/08). Although neither Throw or Resnick are binding precedent, the Court is persuaded by the reasoning in Resnick. "A statutory provision which fully protects the right of the worker to full compensation, yet seeks to encourage prompt resolution of wage disputes

3

short of litigation, is fully consistent with the constitutional right and the grant of authority to the legislature to pass legislation implementing that right." Resnick, 2008 WL 113665, at *3. Since the plaintiff has not complied with the notice requirement in the instant case, he has failed to state a claim under Florida's Minimum Wage Act. As such, the plaintiff's state law claims are dismissed.

The plaintiff argues that if the Court grants the defendants' motion, it should do so without prejudice and permit the plaintiff to file an amended complaint within thirty (30) days so that the plaintiff may comply with the notice requirement. Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (DE# 34 at 3, 8/14/08).The plaintiff does not provide the Court with any case law supporting the relief requested. The defendants do not state whether they are seeking a dismissal with prejudice and did not file a reply addressing the relief sought by the plaintiff. The Court has not found any cases addressing this issue with respect to Florida Minimum Wage Act's notice requirement. As noted in Resnick, the purpose of the notice requirement is "to encourage prompt resolution of wage disputes short of litigation." Resnick, 2008 WL 113665, at *3. Nonetheless, in Resnick, this Court dismissed the plaintiff's state law claims without prejudice. Having found no case law to the contrary and because the defendant has not sought to dismiss the plaintiff's state law claims with prejudice, the Court will dismiss the plaintiff's state law claims without prejudice and permit the plaintiff thirty (30) days to file a new amended complaint which satisfies the notice requirement.

## **CONCLUSION**

The Court finds that the plaintiff had a statutory requirement to provide the defendants with notice prior to filing suit based on Florida Minimum Wage Act violations. Having failed to provide notice, the plaintiff asks this Court to declare the notice

requirement unconstitutional under Florida law. The Court is persuaded by the reasoning in <u>Resnick</u> that the notice requirement and section 24 of the Florida Constitution can be reconciled. Accordingly, the Court declines the plaintiff's invitation to declare the notice requirement unconstitutional. The plaintiff's state law claims are dismissed without prejudice. The plaintiff shall have thirty (30) days to satisfy the notice requirement and file an amended complaint. Based on the foregoing, it is

ORDERED AND ADJUDGED that the defendants' Motion to Dismiss the Florida Minimum Wage Claim for the Second Amended Complaint (DE # 33, 8/12/08) is **GRANTED**. The plaintiff's state law claims are dismissed without prejudice. It is further

ORDERED AND ADJUDGED that the plaintiff may file a third amended complaint on or before **Monday, October 27, 2008** provided that the plaintiff has satisfied the notice requirement under Florida law.

DONE AND ORDERED in Chambers at Miami, Florida this **25th** day of September, 2008.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record